ON MOTION
BRYSON, Circuit Judge.
ORDER
The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Frank D. Carter’s appeal for lack of jurisdiction. Mr. Carter responds.
Mr. Carter appeals from an order of the United States Court of Appeals for Veterans Claims (the “Veterans Court”) denying his petition for mandamus seeking extraor *582 dinary relief. Mr. Carter indicates that, upon separation from the Army in 1971, he was given a disability rating of 20 percent for asthma. In 1973, the Board of Veterans’ Appeals assigned him a rating of 10 percent. In his mandamus petition, Mr. Carter asked the Veterans Court to vacate his 10 percent disability rating and to revise the rating upward to 20 percent, retroactively. The Veterans Court denied Mr. Carter’s petition because he had failed to show a clear and indisputable right to mandamus, because he had not alleged that he had exhausted his administrative remedies, and because his petition did “not contain supporting documents necessary to understand the petition as required by Rule 21 of the Court’s Rules of Practice and Procedure.” Mr. Carter appeals that order to this court.
Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Veterans Court. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). Mr. Carter’s appeal does not satisfy any of the grounds for invoking this court’s jurisdiction. The Veterans Court’s order denying mandamus did not address or otherwise depend on any issue of validity or interpretation of any statute or regulation, nor did Mr. Carter raise any argument concerning the validity or interpretation of any such provision.
Even in this court, the only reference in Mr. Carter’s brief to any statute or regulation is the assertion that the Department of Veterans Affairs failed “to apply 38 U.S.C. 5313 and 38 C.F.R. 3.665 properly (interpret) to veterans claims.” That argument appears at most to constitute a claim that the Department misapplied the cited statute and regulation to his case. The jurisdiction of this court does not extend to “a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2). Mr. Carter’s appeal is therefore not within this court’s jurisdiction.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) Each side shall bear its own costs.